UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **RONALD MCCLAIN** | **CASE NO. 3:22-CV-04897** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED NATIONAL INSURANCE CO** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING AND ORDER**

Before the Court is a "Motion for Attorney Fees" (Doc. 20) filed by United National Insurance Company ("UNIC"). UNIC argues that attorney fees are warranted because counsel for Plaintiff filed a frivolous lawsuit[1] as there was no policy of insurance in effect for the relevant time period.

This case involves alleged damages caused by Hurricanes Laura and Delta. Counsel for Plaintiff filed the lawsuits without determining whether or not UNIC had issued a policy of insurance for Plaintiff's property located in Ruston, Louisiana. After filing the lawsuit, UNIC responded to the lawsuit and stated in its answer that there was no policy of insurance during the relevant time period. Thereafter, counsel for Plaintiff filed a motion to dismiss the lawsuit, which was granted. UNIC now moves for attorney fees pursuant to 28 U.S.C. § 1927

Defendant is entitled to recover its attorneys' fees through the Court's "inherent power" and "authority to sanction the [party or counsel] for his willful, malicious, obstinate

---

[1] The Court notes that counsel for Plaintiff filed this lawsuit as well as over 1600 other lawsuits, many of which were duplicate lawsuits, lawsuits with no policy in effect, lawsuits that were previously settled, and lawsuits in which Plaintiffs did not wish to pursue a claim.

and baseless use of the court system." *Blakely v. Evans*, 2:13cv72 KS-MTP, 2013 WL 1826255 *2 (S.D. Miss. April 30, 2013). Further, 28 U.S.C. § 1927 provides, in pertinent part, that: "Any attorney or other person admitted to conduct cases in any court of the United States … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Court finds that sanctions are appropriate on either basis here.

Counsel for UNIC has submitted a detailed statement for attorney fees in the total amount of $1,560.57.[2] Counsel for Plaintiff has filed a response to the motion and has no opposition to the motion and agrees to pay Defendant $1,560.57 for its fees and expenses. Accordingly,

**IT IS ORDERED** that the Motion for Attorney Fees is **GRANTED,** and counsel for Plaintiff is ORDERED to pay UNIC $1,560.57 for the fees and expenses it incurred responding to this lawsuit.

**THUS DONE AND SIGNED** in Chambers on this 26th day of January, 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[2] Defendant's exhibit 1.